Yang v. Holder

BIA
Phelps, IJ
A087 537 463

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand thirteen.

PRESENT:
>           JOSÉ A. CABRANES,
>           RICHARD C. WESLEY,
>           DEBRA ANN LIVINGSTON,
>                   *Circuit Judges.*

_____

LIN JIA YANG,
>           *Petitioner,*

>           v.                                    12-5013
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:            Michael Brown, New York, NY.

FOR RESPONDENT:            Stuart F. Delery, Acting Assistant
                           Attorney General; Linda S. Wernery,
                           Assistant Director; Susan B. Green,
                           Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lin Jia Yang, a native and citizen of the People's Republic of China, seeks review of a December 7, 2012, decision of the BIA affirming the April 28, 2011, decision of Immigration Judge ("IJ") Richard A. Phelps, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Jia Yang*, No. A087 537 463 (B.I.A. Dec. 7, 2012), *aff'g* No. A087 537 463 (Immig. Ct. N.Y. City Apr. 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-67 (2d Cir. 2008) (per curiam).

For applications such as Yang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the

2

totality of the circumstances," base a credibility finding on the plausibility of an applicant's account, as well as inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *see Xiu Xia Lin*, 534 F.3d at 167. We "defer [ ] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, the agency reasonably based its adverse credibility finding on the inconsistencies among Yang's testimony and evidence concerning the dates of his alleged beating and attempted arrest.

In finding Yang not credible, the agency reasonably relied on the discrepancies between his testimony and the record evidence regarding the years in which: (1) village cadres allegedly detained, beat, and tortured him; and (2) police officers attempted to arrest him for promoting Falun Gong at his friend's book stand. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). While Yang contends that these inconsistencies were minor, the IJ reasonably found that they were significant because they related to the two

3

seminal events underlying Yang's claim and, as such, the totality of the circumstances do not suggest that "no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Contrary to Yang's assertions, the agency did not ignore any of his corroborating evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (noting that the agency is presumed to have "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Although Yang faults the IJ for failing to explicitly discuss each of his evidentiary submissions on the record, the agency is not required to "expressly parse or refute on the record each and every one of a petitioner's purported explanations for testimonial inconsistencies or evidentiary gaps." *Id.* Moreover, the agency explicitly addressed Yang's friend's affidavit and found that it was inconsistent with Yang's testimony with respect to the dates of his beating and attempted arrest and, therefore, did not corroborate his claim. *See id.* at 342 (stating that generally the weight afforded to a petitioner's evidence lies largely within the discretion of the agency). Accordingly, the record does not compellingly suggest that the agency ignored Yang's corroborating evidence. *See id.* at 336 n.17.

4

Given the inconsistencies in Yang's testimony and between his testimony and corroborating evidence, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Moreover, the agency's adverse credibility determination necessarily precluded Yang's success on his claims for asylum, withholding of removal, and CAT relief, as those claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk